UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN ADMIRALTY

CASE NO.: CA-07-375ML

| | |
|---|---|
| YACHT WORKS, INC., for itself and Others, | ) |
| Plaintiff, | ) |
| v. | ) |
| LAURA HELENE ANDRE, INC., *In Personam* | ) |
| AND | ) |
| S/V APACHE, her engines, tackle and equipment, *In Rem* | ) |
| Defendants | ) |

**DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT**

COMES NOW Defendants, Laura Helene Andre, Inc. and the S/V *Apache*, by and through undersigned counsel, and pursuant to Fed. R. Civ. P.12(e), hereby move this Honorable Court to require Plaintiff to provide a more definite statement. A Memorandum in Support is attached.

Respectfully Submitted,

/s/ *Matthew E. Smith*
Matthew E. Smith
Attorney for Defendants
R.I. Bar No.:
1206 Westminster Street
Providence Rhode Island, 02909
Tel. (401) 453-0700
Fax. (401) 454-5557
Mathew@Verdecchialaw.com

/s/ *Jeffrey W. Miller*
Jeffrey W. Miller, Fla Bar #0012609
Robert R. Edwards, Fla.Bar #
BOSSHARDT & MILLER LLP
Attorneys for Defendants
1600 S.E.17th Street Causeway, Suite 405
Ft. Lauderdale, Florida 33316
(954) 764-7772
jeff@yachtlawyers.com

**MEMORANDUM IN SUPPORT**

**I. Introduction.**

Plaintiff, Yacht Works Inc., filed this action on behalf of "itself and others" alleging an *in rem* claim against the sailing vessel *Apache* to enforce an alleged maritime lien and an *in personam* claim against the vessel's Owner, Laura Helene Andre, Inc., based on a theory of breach of contract. Plaintiff's Complaint generally consists of conclusory allegations without the most basic supporting facts thus making it impossible for Defendants to formulate a responsive pleading. Accordingly, Defendants move this Court pursuant to Fed. R. Civ. P. 12(e) for a more definite statement so that they may adequately respond to the Complaint.

**II. Legal Standard**

A Motion for a More Definite Statement may be filed when "a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ. P. 12(e). The Federal Rules of Civil Procedure require a plain statement of the claim ". . . that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957)(citations omitted). As set forth below, Plaintiff's Verified Complaint is too vague – notwithstanding the liberal pleading standards under the Federal Rules – for Defendants to reasonably frame a responsive pleading.

## III. **Argument**

As a preliminary matter, Plaintiff purports to be proceeding on its own behalf and on behalf of other entities, but fails to identify the basis for its standing to proceed on the other entities' behalf. Plaintiff should be required to identify the basis of such standing, or failing to do so, the other entities named in the Complaint should be required to be joined in the case and to bring their claims separately.

Yet even if Plaintiff has the requisite standing to proceed on behalf of the other entities named in the Complaint, the Complaint consists of conclusory allegations and lacks the basic supporting facts to enable Defendants to properly formulate a responsive pleading. Most notably, while the complaint is being brought by Plaintiff on behalf of itself and several other entities for alleged services and materials provided to the *Apache*, not even the most basic information is given as to the nature and degree of such services and materials and the charges related to them. The only details relating to the alleged services and work provided to the Vessel are found in paragraph 3 of the Complaint, wherein Plaintiff alleges:

> "At all times relevant hereto, plaintiff and other entities on whose behalf it is acting, including Super Yacht, Paradise Marine, Andrew Piacante, Comfort Marine, Austin Phillips, Atlas Marine, Robert Nance, and General Fabrics performed work on the APACHE or provided services to the APACHE and thus have a valid maritime lien on the S/V APACHE being sued upon in this action." (Compl. ¶ 3)

Moreover, the Complaint, while stating a total amount allegedly owed of $75,327.00, fails to identify specific amounts being sought by the Plaintiff for services and materials it provided and the amounts sought for services and materials allegedly provided by the other entities. Specifically Paragraph 9 of the Complaint states:

> "As of this date, the defendant owes $75,327 plus interest to Yacht Works Inc. pursuant to the contract and subsequent agreements." (Compl. ¶ 9)

By failing to identify the services and materials that Plaintiff allegedly provided and those provided by each of the other entities and the amounts allegedly owed to Plaintiff and each of the other entities, Plaintiff has failed to provide sufficient details or factual allegations to allow Defendants to respond to the allegations, raise appropriate and pertinent affirmative defenses and, where appropriate, craft counterclaims.

Moreover, as Plaintiff's *in rem* claim is clearly based upon a theory of "necessaries" provided to the Vessel, Plaintiff should, at a minimum, be required to detail the services and materials provided by itself and each of the other entities on whose behalf Plaintiff is proceeding. This is because not all goods or services are considered necessaries. Defendants recognize that the First Circuit has adopted a broad definition of necessaries to include "most goods and services that enable the vessel to perform a particular function." *See Chi Shun Hua Steel Co. v. Crest Tankers, Inc.*, 708 F. Supp. 18, 24 (D.N.H. 1989). Nevertheless, in order to adequately assess the validity of the lien claims of Plaintiff and the other entities on whose behalf it is proceeding, Defendants should at least be given details of the services and/or materials allegedly provided and who provided them. Moreover, even if the alleged goods and services constitute "necessaries" under federal statute and the general maritime law, they must have been "provided" to the vessel in order to form the basis for a maritime lien. *See* 46 U.S.C. 31342. Without information as to what goods and services were allegedly provided, Defendants cannot ascertain whether they were actually provided. In sum, without details as to what services or goods are claimed to have been provided and who provided them, Defendants are unable to determine the sufficiency of the claim of lien as to the Plaintiff and each of the claimants it purports to be representing, and as such, Defendants are unable to formulate a proper response.

This Case, like most claims involving a dispute as to services and materials provided to a

vessel, ultimately involves a few central issues, including but not limited to: 1) whether the goods and services alleged to have been provided were authorized; 2) if authorized, were the services provided satisfactory and the goods without defect; and 3) were the charges claimed agreed to by contract or otherwise reasonable given the circumstances. Accordingly, to be able to properly respond to a complaint alleging failure to pay for goods and services provided to the Vessel, Defendants must, at a minimum, be provided basic details as to what services and goods are alleged to have been provided, who provided them, and the sums claimed to be due for such goods and services.

## IV. Conclusion

For the foregoing reasons, Defendants respectfully request that this Honorable Court grant this motion pursuant to Fed.R.Civ. P. 12(e) for a more definite statement. Specifically Defendants request that the Court order Plaintiff to provide information regarding the following:

1. The basis upon which Plaintiff Yacht Works, Inc. is purporting to have standing to bring claims on behalf of the other entities named in its Verified Complaint.
2. To identify in detail the services and/or materials allegedly provided by Yacht Works, Inc. and each of the other named entities on whose behalf it is proceeding.
3. To identify and the amounts claimed to be owed to Plaintiff and to each claimant for the services and/or materials allegedly provided by each.

Respectfully Submitted,

/s/ *Matthew E. Smith*

Matthew E. Smith
Attorney for Defendants
R.I. Bar No.: 4120
1206 Westminster Street
Providence Rhode Island, 02909
Tel. (401) 453-0700
Fax. (401) 454-5557

Mathew@Verdecchialaw.com

/s/ *Jeffrey W. Miller*
Jeffrey W. Miller, Fla Bar #0012609
Robert R. Edwards, Fla.Bar # 770851
BOSSHARDT & MILLER LLP
Attorneys for Defendants
1600 S.E.17th Street Causeway, Suite 405
Ft. Lauderdale, Florida 33316
(954) 764-7772
jeff@yachtlawyers.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically this 21st day of November 2007.

/s/ *Matthew E. Smith*
Matthew E. Smith
R.I. Bar No.: 4120
1206 Westminster Street
Providence Rhode Island, 02909
Tel. (401) 453-0700
Fax. (401) 454-5557