**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **YACHT WORKS, INC.,**<br>**Plaintiff**<br><br>**v.**<br><br>**LAURA HELENE ANDRE INC.,**<br>**In Personam**<br><br>**AND**<br><br>**S/V APACHE,**<br>**her engines and equipment,**<br>**In Rem**<br>**Defendants** | **CIVIL ACTION NO.:**<br>**07-cv-00375-ML-DLM** |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT**

NOW COMES the plaintiff, by and through its undersigned attorneys, and submits its Memorandum of Law in Opposition of the Defendant's Motion for More Definite Statement.

## Introduction

The parties stipulated to an extension of time for the defendants to file an Answer or responsive pleading on November 14, 2007. The defendants have chosen to file their Motion for More Definite Statement. The plaintiff now is forced to submit its Opposition to the Defendant's Motion for More Definite Statement. The intervening time and effort could have been used to engage in discovery which would have addressed defendants' concerns.

**Applicable Law**

It is well recognized that motions for more definite statements are not favored by the courts. Innovative Digital Equipment, Inc. v. Quantum Technology, Inc., 597 F.Supp. 983, 989 (N.D. Ohio 1984). The standard to be applied to a motion for a definite statement is whether the claims alleged in the Complaint are sufficiently specific to enable a responsive pleading in the form of a denial or an admission. Shaffer v. Eden, 209 F.R.D. 460, 464 (D. Kan. 2002). Motions for a more definite statement should not be granted merely because the pleading lacks detail. Id.

The Complaint in the case at bar is not so vague and ambiguous so that the defendant cannot reasonably be required to frame an Answer. McClanahan v. Matthews, 292 F.Supp. 737, 738 (D. Ky. 1968). The Complaint here gives the defendant fair notice of the nature and basis of the claim and a general indication of the type of litigation involved. Id.

Any information that the defendant claims to be in need of will be produced during discovery; Rule 12(e) Motions are not favored by the courts in light of the availability of pretrial discovery procedures. Cox v. Maine Maritime Academy, 122 F.R.D. 115, 116 (D. Me. 1988). Rule 12(e) Motions are designed to strike at unintelligibility rather than a lack of detail in the Complaint. Id. A Rule 12(e) Motion should be granted only when a party is unable to determine the issues it must meet. Id.

Initially, plaintiff notes that the Complaint more than meets the standards required by Rule 8. Further, if the defendants claim to not have adequate information to defend the case, this information will be provided during discovery. Defendants claim to not understand the breakdown of the various contractors working with or on behalf of the

plaintiff. Defendants' counsel could simply ask for a breakdown of the charges to obtain this information.

**Conclusion**

Plaintiff's Complaint complies with the notice pleading requirements of Rule 8 and provides more than enough information for the defendants to be able to draft and file an Answer.

The Motion for More Definite Statement should be denied.

By its attorneys,

/s/ Seth S. Holbrook

Seth S. Holbrook, RI Bar # 5677
HOLBROOK & MURPHY
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151
holbrook_murphy@msn.com

Certificate of Service

I hereby certify that on December 10, 2007, I electronically filed Plaintiff's Opposition to Defendants' Motion for More Definite Statement with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Seth S. Holbrook

Seth S. Holbrook, RI Bar # 5677
HOLBROOK & MURPHY
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151
holbrook_murphy@msn.com