UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN ADMIRALTY

CASE NO.: CA-07-375ML

YACHT WORKS, INC., for itself and Others,

Plaintiff,

v.

LAURA HELENE ANDRE, INC., *In Personam*

AND

S/V APACHE, her engines, tackle and equipment, *In Rem*

Defendants

**DEFENDANTS, LAURA HELENE ANDRE, INC. AND S/V APACHE'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO YACHTWORKS INC.'S VERIFIED COMPLAINT**

COMES NOW, Defendants Laura Helene Andre, Inc. and the S/V *APACHE*, by and through the undersigned counsel, and submit the following Answer, Affirmative Defenses, and Counterclaim to Plaintiff's Verified Complaint. Unless specifically admitted, all allegations in Plaintiff's Verified Complaint are denied.

**ANSWER**

1. Admitted for jurisdictional purposes only.

2. Admitted.

3. Admitted that Plaintiff and certain other entities named performed some work

or provided services to the APACHE, otherwise denied.

4. Admitted.

5. Admitted.

6. Admitted that Laura Helene Andre Inc., was and still is the owner of the Apache. Without knowledge as to what "work" Plaintiff is referring to, therefore the remainder of the allegations in paragraph six are denied.

**COUNT I**

7. Admitted that Laura Helene Andre entered into an agreement with Yacht Works Inc. to act as project manager to supervise the refit and repair of the *Apache.* Without knowledge at to the "other agreements" referred to in paragraph seven. Denied that all of the work was performed as contracted. Without knowledge as to the "work" and "materials" Plaintiff is referring, therefore remainder of allegations in paragraph seven are denied.

8. Admitted that Defendant has not paid the total sum claimed by Plaintiff. Denied that such sum is due.

9. Denied

10. Denied.

**COUNT II**

11. Paragraphs 1 through 10 are answered as above as if fully set forth herein.

12. Denied.

**AFFIRMATIVE DEFENSES**

I. Lack of Standing. Under Federal Rule of Civil Procedure 17(b), "[t]he capacity of a corporation to sue or be sued shall be determined by the law under which it

was organized." Yacht Works Inc is a Florida Corporation and thus governed by Florida Law. A review of corporate records indicates that Yacht Works Inc. was administratively dissolved in 2001. Pursuant to Fla. Stat. chapter 607.1622(8) an administratively dissolved corporation lacks the capacity to sue and thus Yacht Works, Inc. lacks the capacity or standing to bring this action.

II. <u>Breach of Contract</u>. Any obligation to pay Yacht Works Inc. has been excused by Yacht Works Inc.'s material breach of contract with Defendant. Specifically, the repairs and modifications and materials to have been provided to the Vessel under Yacht Works Inc.'s supervision and management were either not completed or insufficient, inadequate and lacking in the requisite degree of workmanship called for under the parties' agreement. Moreover, Yacht Works Inc. failed to deliver the vessel within the agreed upon time-frame or within a reasonable time thereafter. By failing to complete the work or see to it that the work was completed in a satisfactory manner and to deliver the vessel within the time originally contemplated by the parties or a reasonable time thereafter, Yacht Works Inc. materially breached the parties' agreement and is therefore not entitled to recovery thereunder.

III. <u>Set off /Recoupment</u>. Any claims asserted by Plaintiff on behalf of itself and others should be reduced or eliminated to the extent of the sums due Defendants due to as alleged in Defendants' Counterclaim or any subsequent amendments thereto.

IV. <u>Failure of Condition Precedent</u>. Defendant Laura Helen Andre Inc. is excused from having to perform because conditions that were required of Yacht Works, Inc., namely, the proper and satisfactory completion of the repairs and modifications to the Vessel with the requisite degree of workmanship and quality and delivery of the Vessel

within a reasonable period of time, never occurred.

V. Excessive Charges and Failure to Complete Repairs in Timely Fashion. Even if Plaintiff is found not to be in breach of the contract, Plaintiff's charges were excessive, unreasonable and exceeded the Plaintiff's original estimates and quotes without proper justification, and therefore, Plaintiff's claims should be accordingly reduced or eliminated.

VI. Posting of Security. Defendants have posted security pursuant to a Letter of Undertaking in Lieu of Plaintiff's right to foreclose a maritime lien on the Vessel and as such Plaintiff is not entitled to this relief.

VII. No Right to Attorneys Fees. Plaintiff is not entitled to attorney's fees under either Count II or Count II under the "American Rule" applicable to this case and have not and cannot establish a statutory or contractual basis for the award of attorney's fees.

VIII. Reservation of Rights. Defendants reserve their right to assert any and all additional affirmative defenses as may become apparent through further investigation and discovery.

WHEREFORE, having fully answered Plaintiff's Verified Complaint, Defendants Laura Helene Andre Inc. and the S/V *APACHE* pray for judgment in their favor and any further relief as the Court deems appropriate.

## COUNTERCLAIM

Laura Helene Andre, Inc., by and through undersigned counsel, hereby counterclaims against Yacht Works, Inc. as follows:

**PARTIES**

1. Yacht Works Inc. is a Florida Corporation specializing in project management for repairs, refits and new construction of yachts, whose president and owner, upon information and belief is Mike Marcin.

2. Laura Helene Andre Inc. is a corporation incorporated under the laws of the state of Pennsylvania and is the sole owner of the *APACHE* a 104 foot sailing vessel (the "Vessel"). Harry J. Poulos is the president of Laura Helene Andre, Inc.

**JURISDICTIONAL AND FACTUAL ALLEGATIONS**

3. This Counterclaim is in response to an admiralty and maritime action brought by Plaintiff within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and pursuant to Title 28 of the United States Code, sec. 1333, and this Court has supplemental jurisdiction over this Counterclaim under 28 U.S.C. § 1367(a) as the Counterclaim arises out of the same transaction(s) and occurrence(s) alleged in the Plaintiffs' complaint.

4. In or about May of 2005, Laura Helen Andre Inc. by oral agreement engaged Mike Marcin and Yacht Works, Inc. to oversee the refit and repair of the Vessel which at that time was located in and having repairs done in Trinidad.

5. The Vessel was purchased as an investment and as such the refit was to be comprehensive in order to bring the Vessel its equipment, rigging, furnishings etc. back to marketable "yacht quality" so that the Vessel could be sold for a profit.

6. Pursuant to the parties' agreement, Mike Marcin was to identify areas needing repair or modification, hire and supervise qualified sub-contractors, review and approve work completed and generally oversee the repairs and refit to the Vessel.

7. In or about the fall of 2005, the parties determined that the work could be

done more efficiently in Fort Lauderdale and the Vessel was brought to Fort Lauderdale in December of 2005.

8. In or about March or April 2006, Harry Poulos requested from Mike Marcin a detailed fixed estimate for completion of the refit with a set date for completion. In response Mike Marcin produced an estimate of $156,000 for completion of all remaining repairs to the Vessel and stated that the Vessel would be completed by May 31, 2006.

9. The repairs were not completed by May 31, 2006 as promised, and at that time Mr. Marcin promised that the Vessel would be completed by the time of the Fort Lauderdale Boat Show in October 2006.

10. Despite Mr. Marcin's promise, by the time of the Fort Lauderdale Boat Show the Vessel was still far from complete with many major items still outstanding. Moreover, Mr. Marcin's invoices relating to work on the Vessel had exceeded his April estimate by some $64,000.

11. In December 2006, Mike Marcin issued still another estimate of $98,000 to finish the repairs on the Vessel and promised completion by the Miami International Boat Show in February 2007.

12. The Vessel was not completed by the time of the Miami Boat Show in February 2007.

13. Mr. Poulos then hired a consultant to go through the Vessel with Mr. Marcin and create a punch list of outstanding items to be completed (the "Punch List") and a final estimate of cost to complete the punch list items.

14. Based on the Punch List Mr. Marcin produced a final estimate of an additional $172,000 to finish the work on the Vessel.

15. The Vessel was finally declared completed by Mr. Marcin in or about August/September of 2007, over a year after the original completion date promised by Mr. Marcin. At that time Mr. Marcin specifically told Mike Wettstone, a consultant working for Laura Helene Andre, Inc. and who would be aboard the Vessel enroute to Newport Rhode Island, that the Vessel was seaworthy, ready for the voyage north, and ready to be put on the market.

16. On or about September 2007, Mike Wettstone and a crew set sail from Fort Lauderdale for Newport Rhode Island.

17. During the voyage it soon became apparent that despite Mr. Marcin's claims that the work on the Vessel was complete, much of the work which had been paid for or identified in the Punch List either had not been done or had been improperly completed. Problems with the workmanship on the Vessel include but are not limited to:

A. The main electrical panel and wiring throughout the Vessel have major issues despite some $85,000 charged by Atlas Electrical for work done. In particular, the main panel when opened up reveals rampant corrosion and decay and sparks are frequent. This panel was to have been completely overhauled with new hardware. In addition, the shore power inlet smoked and burned in Newport as it was improperly connected or not connected at all. An electrical survey in Newport has revealed numerous repairs necessary to the wiring throughout the Vessel.

B. The engine and generators which were supposedly completely overhauled and repaired at a cost of $34,000 by Subcontractor Andy Picante have numerous major issues and experts have recommended that both generators and the engine be replaced.

C. The AC unit servicing the main salon is too small and the air handlers are

not functioning properly. Thermostats were removed from each of the State Rooms and wires were improperly jumped together using speaker wire and tape. Moreover, the unit does not provide heat as required.

D. The main bilge/fire pump was not repaired (despite invoicing indicating that repairs were completed) and in fact was left completely disconnected, thus putting the Vessel in danger of sinking had she begun taking on water during the voyage.

E. All of the hatches on the Vessel which were supposed to have been properly sealed, leak. The leak in the forward stateroom hatch led to the Air Handler in that room filing up with Salt Water and lead to an electrical fire.

F. During the voyage the Vessel suffered a failure of the aqua drive which drives the propeller shaft and the Vessel had to be towed into Charleston for repairs. The aqua drive was to have been fully repaired and indeed Laura Helene Andre Inc paid invoices for work on the Aqua Drive which either was not completed or improperly completed.

18. As a result of Yacht Works Inc.'s mismanagement of the project and failure to fulfill its obligations under the parties' agreement, Laura Helene Andre Inc. has and continues to suffer damages.

19. Laura Helene Andre, Inc. has performed all obligations under its agreement with Yacht Works, Inc., and all conditions precedent to bringing this action have been satisfied.

**COUNT I – BREACH OF CONTRACT**

20. Laura Helen Andre, Inc. realleges, as if fully set forth herein paragraphs one (1) through nineteen (19) above.

21. This is a cause of action for damages for breach of contract against Yacht Works Inc.

22. Yacht Works Inc. materially breached its contract with Laura Helen Andre, Inc. by failing to procure completion of all of the necessary repairs and modifications necessary to bring the Vessel to marketable "Yacht Quality" as per the parties' agreement. Yacht Works Inc. further breached the agreement through the negligent hiring of incompetent and unqualified sub-contractors and through failing to properly supervise and oversee the work being done by said sub-contractors. Moreover, Yacht Works Inc. further materially breached its agreement with Laura Helen Andre Inc. by failing to complete the repairs and refit to the Vessel as promised and within the agreed upon estimates and timeframe or within a reasonable time thereafter.

23. As a result of Yacht Works, Inc.'s breach, Laura Helen Andre, Inc. has suffered damages including but not limited to the cost of completing repairs and modifications which were not completed and correcting the inadequate workmanship throughout the Vessel. In addition, Laura Helen Andre, Inc. by not being able to put the Vessel on the market continues to suffer damages relating to depreciation of the Vessel and carrying costs.

WHERFORE, Defendant/Counter-Plaintiff Laura Helene Andre, Inc. prays for judgment against Yacht Works Inc. for damages, costs of this action, and such other further relief as the Court may deem appropriate.

Respectfully Submitted,

/s/ *Matthew E. Smith*
Matthew B. Smith, RI Bar No. 4120
Attorney for Laura Helene Andre, Inc.
and the S/V *Apache*
1206 Westminster Street
Providence Rhode Island, 02909
Tel. (401) 453-0700
Fax. (401) 454-5557

- and -

/s/ *Jeffrey W. Miller*
Jeffrey W. Miller, Fla Bar #0012609
BOSSHARDT & MILLER LLP
Attorneys for Laura Helene Andre, Inc.
and the S/V *Apache*
1600 S.E.17th Street Causeway, Suite 405
Ft. Lauderdale, Florida 33316
(954) 764-7772
jeff@yachtlawyers.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically this 2nd day of January 2007.

/s/ *Matthew E. Smith*
Matthew B. Smith, RI Bar No. 4120
Attorney for Laura Helene Andre, Inc.
and the S/V *Apache*
1206 Westminster Street
Providence Rhode Island, 02909
Tel. (401) 453-0700
Fax. (401) 454-5557