UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN ADMIRALTY

CASE NO.: CA-07-375ML

| | |
|---|---|
| YACHT WORKS, INC., for itself and Others, | ) |
| Plaintiff, | ) |
| v. | ) |
| LAURA HELENE ANDRE, INC., *In Personam* | ) |
| AND | ) |
| S/V APACHE, her engines, tackle and equipment, *In Rem* | ) |
| Defendants | ) |

**DEFENDANTS, LAURA HELENE ANDRE, INC. AND S/V APACHE'S, MOTION FOR SUMMARY JUDGMENT ON CLAIMS BY YACHT WORKS, INC.**

Defendants, Laura Helene Andre, Inc. ("Andre") and the S/V *Apache* ("Apache") (hereinafter sometimes collectively "Andre/*Apache*"), by and through the undersigned counsel, move pursuant to Rule 56, Federal Rules of Civil Procedure, for summary judgment dismissing the claims of Plaintiff, Yacht Works, Inc., for lack of capacity to sue and lack of standing, on the grounds that there are no genuine issues of material fact and that Andre/*Apache* are entitled to judgment as a matter of law. This motion is supported by the Statement of Undisputed Facts and Memorandum of Law filed contemporaneously herewith.

1. The present action brought by Yacht Works, Inc. arises out of an alleged contract and subsequent agreements between Yacht Works, Inc. and Andre for work performed and materials supplied to *Apache*. The action was commenced by the filing of the Complaint on October 9, 2007 [Docket No. 1]. The Court then issued an arrest warrant for the *Apache* which was seized by the U.S. Marshals on October 11, 2007.

2. Pursuant to the provisions of a Letter of Undertaking entered into by the parties on December 7, 2008, the sum of One Hundred Thirty Thousand Dollars ($130,000) (the "Security") was deposited in the Trust Account of Defendants' attorneys, Bosshardt & Miller LLP, as security for release of the *Apache*. Thereafter the parties moved for release of the *Apache* and the Court granted the motion on December 20, 2007 (Docket No. 17).

3. The contract and subsequent agreements sued upon were first entered in or about August 2005. See Affidavit of Harry J. Poulos ("Poulos Affidavit"), filed contemporaneously herewith.

4. The person who represented himself as the principal of Yacht Works, Inc., and with whom Andre dealt at all times relevant to this action, was Michael A. Marcin of Plantation, Florida. See Poulos Affidavit.

5. Notwithstanding the allegation in the Complaint that "Plaintiff, Yacht Works, Inc., is a corporation with its principal place of business in Florida", the records of the Florida Secretary of State reflect that the only corporation authorized to do business in Florida with a name containing "Yacht Works" is a corporation named "The Yacht Works, Inc.", formed by Michael A. Marcin on June 4, 1998. See Articles of Incorporation and cover letter to Florida Secretary of State, attached to the Statement of

Undisputed Facts as composite Exhibit “A”.

6. The Yacht Works, Inc. was administratively dissolved for failure to file an annual report on September 21, 2001. See Certificate of the Florida Secretary of State, certifying dissolution of The Yacht Works Inc., document number P98000050939, attached to the Statement of Undisputed Facts as Exhibit “B”. As of the date of this motion, The Yacht Works, Inc. has not been reinstated.

7. Accordingly, at the time “Yacht Works, Inc.” purportedly contracted with Andre, there was no active corporation in existence in Florida named “Yacht Works, Inc.”, and Mr. Marcin’s corporation named “The Yacht Works, Inc.” was a dissolved corporation.

8. The only business entity that the fictitious name records of the Florida Secretary of State show as operating in the State of Florida as “Yacht Works” at any time relevant to this action is an entity named National Yacht Brokerage LLC. See copy of Fictitious Name Registration, attached to the Statement of Undisputed Facts as Exhibit “C”. One of the members of National Yacht Brokerage LLC is a corporation named Yacht Works, Inc., organized under the laws of Wisconsin. See copy of certificate of status of Wisconsin Department of Financial Institutions, attached to the Statement of Undisputed Facts as Exhibit “D”. On information and belief based upon the public records, Mr. Marcin is not affiliated with any of these entities, and none of these entities is the party which brought the action herein.

9. The "Florida Business Corporation Act", chapter 607, Florida Statutes (the “Act”), bars a dissolved corporation from conducting business that is not necessary to the winding-up its affairs. As provided in section 607.1405(1):

> A dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs. . . .

10. Moreover, where the cause of a corporation's dissolution is its failure to file the annual report required by the Act, the dissolved corporation is further barred from maintaining or defending an action in a Florida court. As provided in section 607.1622(8):

> Any corporation failing to file an annual report which complies with the requirements of this section shall not be permitted to maintain or defend any action in any court of this state until such report is filed and all fees and taxes due under this act are paid and shall be subject to dissolution or cancellation of its certificate of authority to do business as provided in this act.

11. Accordingly, under Florida law The Yacht Works, Inc., could not legally transact business or bring legal claims to enforce rights created by contracts purportedly formed after its dissolution.

12. A Florida corporation does not have standing in federal court to enforce rights purportedly created by transactions undertaken during the period of dissolution. *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304 (11th Cir. 2003) (affirming dismissal, for lack of Article III standing, of corporation's suit to enforce rights under patent executed at a time when the corporation was administratively dissolved).

13. In addition, because a Florida corporation that has been dissolved for failure to file an annual report is not permitted to maintain or defend any action in any Florida court, it also lacks capacity to maintain or defend an action in any federal court. The capacity of The Yacht Works, Inc., to sue in this case is determined by Florida law. Fed. R. Civ. P. 17(b) ("The capacity of a corporation to sue or be sued shall be

determined by the law under which it was organized.”). Accordingly, even if Yacht Works, Inc. had the requisite standing to bring its claim in this Court, it lacks the requisite capacity to sue.

WHEREFORE, for the reasons set forth above, Defendants request that this Court enter an order granting summary judgment against Yacht Works, Inc., dismissing with prejudice its lien against S/V Apache and its *in personam* claim against Laura Helene Andre, Inc., and further discharging the Letter of Undertaking and directing the release of the Security to Laura Helen Andre, Inc.

Respectfully Submitted,

/s/ *Matthew E. Smith*
Matthew E. Smith, RI Bar No. 4120
Attorney for Laura Helene Andre, Inc.
and the S/V *Apache*
1206 Westminster Street
Providence Rhode Island, 02909
Tel. (401) 453-0700
Fax. (401) 454-5557

- and -

/s/ *Jeffrey W. Miller*
Jeffrey W. Miller, Fla Bar #0012609
BOSSHARDT & MILLER LLP
Attorneys for Laura Helene Andre, Inc.
and the S/V *Apache*
1600 S.E.17th Street Causeway, Suite 405
Ft. Lauderdale, Florida 33316
(954) 764-7772
jeff@yachtlawyers.com

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically this 11th day of January 2008.

/s/ *Jeffrey W. Miller*
Jeffrey W. Miller, Fla Bar #0012609
BOSSHARDT & MILLER LLP
Attorneys for Laura Helene Andre, Inc.
and the S/V *Apache*
1600 S.E.17th Street Causeway, Suite 405
Ft. Lauderdale, Florida 33316
(954) 764-7772
jeff@yachtlawyers.com