UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN ADMIRALTY

CASE NO.: CA-07-375ML

| | |
|---|---|
| YACHT WORKS, INC., for itself and Others, | ) |
| Plaintiff, | ) |
| v. | ) |
| LAURA HELENE ANDRE, INC., *In Personam* | ) |
| AND | ) |
| S/V APACHE, her engines, tackle and equipment, *In Rem* | ) |
| Defendants | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS, LAURA HELENE ANDRE, INC. AND S/V APACHE'S, MOTION FOR SUMMARY JUDGMENT ON CLAIMS BY YACHT WORKS, INC.**

Defendants, Laura Helene Andre, Inc. ("Andre") and the S/V *Apache* ("*Apache*") (hereinafter sometimes collectively "Andre/*Apache*"), contemporaneously herewith, have moved this Court to enter summary judgment against the plaintiff, "Yacht Works, Inc." ("Yacht Works"), dismissing Yacht Works' claims for lack of standing and capacity to sue. Pursuant to LR Cv 7, Andre/*Apache* hereby submits their points and authorities in support of their motion.

Legal Standard for Summary Judgment

Summary judgment may be granted where "there is no genuine issue as to any material fact." Fed. R. Civ. Proc. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). Summary judgment is therefore proper "if the pleadings, depositions, answers to interrogatories, and admissions of record, with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The mere presence of an alleged factual dispute between the parties, however, does not make summary judgment improper – a genuine issue of material fact must exist for a court to deny summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

Dismissal of Yacht Works' Claims

In this case, Yacht Works has brought an action in admiralty to enforce a maritime lien against *Apache* and to recover damages *in personam* against Andre. Both claims should be dismissed because Yacht Works lacks standing to bring its action, and because, even if it did have standing, Yacht Works lacks the present capacity to prosecute a claim in this court.

Under Florida law, a corporation that has been dissolved may not conduct business other than as necessary to wind up its affairs. Section 607.1405(1) of the Florida Business Corporation Act (the "Act") provides:

> A dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs. . . .

Moreover, a corporation that has been administratively dissolved by the Florida Secretary of State for failure to file the annual report required by the Act may not lawfully maintain or defend an action in a Florida court:

> Any corporation failing to file an annual report which complies with the requirements of this section *shall not be permitted to maintain or defend any action in any court* of this state until such report is filed and all fees and taxes due under this act are paid and shall be subject to dissolution or cancellation of its certificate of authority to do business as provided in this act.

§ 607.1622(8), Fla. Stat. (emphasis supplied).

Under the Federal Rules, the legal capacity of a corporation to bring an action in federal court is determined by the law of the state of incorporation. Fed. R. Civ. P. 17(b) ("The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized."). In this case, at the time it commenced this action, Yacht Works had been dissolved for failure to file its annual report. See Certificate of the Florida Secretary of State, certifying dissolution of The Yacht Works Inc., document number P98000050939, attached to the Statement of Undisputed Facts, filed contemporaneously herewith, as Exhibit "B". Accordingly it lacked the capacity to enforce its claims against the defendants. *See also James Creek Marina v. Vessel My Girls*, 964 F. Supp. 20 (D.D.C. 1997) (maritime lien may be enforced only by natural person or corporation having capacity to sue under Rule 17(b)).

The dissolution of Yacht Works by the Florida Secretary of State occurred on September 21, 2001, and Yacht Works has not, to this date, been reinstated. The transactions giving rise to Yacht Works' claims against Apache/Andre first began in August 2005. See Affidavit of Harry J. Poulos ("Poulos Affidavit"), filed contemporaneously herewith. Accordingly, the injury upon which Yacht Works bases its claims arose was after it had been dissolved and was therefore barred from conducting business. § 607.1405(1), Fla. Stat.

To have standing to bring its claims in federal court, a party must be able to allege "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Rumford Pharmacy, Inc. v. City of East Providence*, 970 F.2d 996, 1001 (1st Cir. 1992). That, in turn, requires that, where the injury arises from the violation of a contractual or legal right, the right infringed upon legally resides in the person seeking to recover for the injury. That requirement is not satisfied where the right sought to be enforced arises out of a transaction entered into by an administratively dissolved Florida corporation. Under Florida law, a dissolved corporation cannot accrue legally enforceable rights through the transaction of new business. § 607.1405(1), Fla. Stat; *see PBF of Fort Myers, Inc. v. D&K Partnership*, 890 So. 2d 384, 386 (Fla. 2d DCA 2004) ("if a corporation was administratively dissolved for failing to file its annual report, arguably 'section 607.1622(8) would preclude an administratively dissolve corporation's suit on a cause of action *accruing after its dissolution*.'") (emphasis by the court), *citing*, *Levine v. Levine*, 734 So. 2d 1191, 1197 (Fla. 2d DCA 1999).[1] By the same token, individuals presuming to act on behalf of a

[1] Section 607.1422 of the Florida Business Corporation Act provides for reinstatement

corporation knowing it to be dissolved may be personally liable for those acts, notwithstanding the subsequent reinstatement of the corporation. *See Terranova Corp. v. Fried*, 548 So. 2d 270 (Fla. 3d DCA 1989) (holding president and sole shareholder of corporation personally liable for rent incurred during involuntary dissolution).

The effect of administrative dissolution on a Florida corporation's standing to sue in federal court was addressed in *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304 (11th Cir. 2003), where the Eleventh Circuit held that a dissolved Florida corporation lacked standing to enforce a patent right purportedly acquired after it had been dissolved and was no longer able to transact new business. In so ruling, the *Paradise Creations* court rejected the argument that the dissolved corporation could retroactively create standing by using the statutory procedure to reinstate itself after having been administratively dissolved:

> The appellee counters that whatever the effect of the corporate revival statute in Florida State courts, it cannot retroactively confer standing in federal court. We agree with the appellee.
>
> As noted above, whether a party has standing to assert the jurisdiction of a federal court is a question of federal law, and "standing is to be determined as of the commencement of the suit." Accordingly, this court has determined that in order to assert standing for patent infringement, the plaintiff must demonstrate that it held enforceable title to the patent *at the inception of the lawsuit*."

---

from administrative dissolution, and further provides that such reinstatement "relates back" to the date of dissolution, as follows:

> (3) When the reinstatement is effective, it relates back to and takes effect as of the effective date of the administrative dissolution and the corporation resumes carrying on its business as if the administrative dissolution had never occurred.

*Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d at 1309 (emphasis by the court; citations omitted).

Accordingly, Yacht Works, which was dissolved at the time that it undertook the transactions from which its alleged injuries arise, lacks standing to bring its claims in this Court. Nor could Yacht Works' standing be created retroactively, should the company be administratively reinstated by the Florida Secretary of State. Therefore, summary judgment dismissing Yacht Works' claims should be entered in Apache/Andre's favor.

For the foregoing reasons, Andre/*Apache*'s motion for summary judgment should be granted and judgment should be entered dismissing Yacht Works' claims with prejudice.

Respectfully Submitted,

/s/ *Matthew E. Smith*
Matthew E. Smith, RI Bar No. 4120
Attorney for Laura Helene Andre, Inc.
and the S/V *Apache*
1206 Westminster Street
Providence Rhode Island, 02909
Tel. (401) 453-0700
Fax. (401) 454-5557

- and -

/s/ *Jeffrey W. Miller*
Jeffrey W. Miller, Fla Bar #0012609
BOSSHARDT & MILLER LLP
Attorneys for Laura Helene Andre, Inc.
and the S/V *Apache*
1600 S.E.17th Street Causeway, Suite 405
Ft. Lauderdale, Florida 33316
(954) 764-7772
jeff@yachtlawyers.com

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically this 11th day of February, 2008.

/s/ *Jeffrey W. Miller*
Jeffrey W. Miller, Fla Bar #0012609
BOSSHARDT & MILLER LLP
Attorneys for Laura Helene Andre, Inc.
and the S/V *Apache*
1600 S.E.17th Street Causeway, Suite 405
Ft. Lauderdale, Florida 33316
(954) 764-7772
jeff@yachtlawyers.com