**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **YACHT WORKS, INC.,**<br>**for itself and others,**<br>**Plaintiff**<br><br>**v.**<br><br>**LAURA HELENE ANDRE INC.,**<br>**In Personam**<br><br>**AND**<br><br>**S/V APACHE,**<br>**her engines and equipment,**<br>**In Rem**<br>**Defendants** | **CIVIL ACTION NO.:**<br>**07-cv-00375-ML-DLM** |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF THE OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

NOW COMES the plaintiff by and through its undersigned attorneys, and submits its Memorandum of Law in support of its opposition to the defendants' motion for summary judgment.

## I. BACKGROUND

The plaintiff filed suit in this court, for itself and on behalf of others, with regards to unpaid invoices for repair work that was done on the S/V APACHE. Michael Marcin, a licensed boat captain with a background in vessel repair, was engaged by the defendant owner of the APACHE to perform various repairs and other maintenance work on the vessel so that the APACHE could be ready for sale.

Mr. Marcin not only performed work himself but also purchased various supplies that were utilized in the work being done on the APACHE. He also located and engaged other repair specialists in the Ft. Lauderdale, Florida, area. At the direction of the APACHE's owner, these entities were directed to submit their invoices to the defendant.

Mr. Marcin was the principal of a Florida corporation called The Yacht Works, Inc. Mr. Marcin now realizes that Yacht Works, Inc. was administratively dissolved for not keeping up with its filing obligations with the Florida Secretary of State. However, during all times relevant hereto, Mr. Marcin's letterhead carried the name Yacht Works, Inc. and his checks also bore the name, Yacht Works, Inc.

After certain amount of work was done by the various entities described above and after certain invoices were paid by the defendant, the defendant then began to not make payment on the various invoices being submitted for work on the APACHE. The various bills accumulated resulting in the plaintiff proceeding with this litigation. Schedule A that is appended to Mr. Marcin's affidavit sets out the various amounts owed and to which entities.

## II. APPLICABLE LAW

Rule 8(a) of the Federal Rules of Civil Procedure provides in part, that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A review of the plaintiff's complaint shows that not only in the caption, but in the body of the complaint, it is clearly set forth that the claims against the defendant owner and the APACHE are based on work performed on the vessel by various entities.

Further, Rule 8(e) of the Federal Rules of Civil Procedure states "each averment of a pleading shall be simple, concise and direct." The complaint clearly puts the

defendant on notice that the claim is being made for the unpaid amounts of money performed by the various entities, at the owner's direction, and that the amounts are unpaid.

It is clear that this complaint is simple, concise and direct. While admittedly, The Yacht Works, Inc., was administratively dissolved, there is certainly no evidence of any attempt to deceive or confuse the defendant or the court.

Rule 8(f) of the Federal Rules Civil Procedure provides "Construction of pleadings. All pleadings shall be so construed as to do substantial justice." As set forth above and in the Affidavit of Michael Marcin, the complaint, as filed, clearly states that Yacht Works is suing for itself and others. The name of the others are clearly set out in the complaint. The defendant is put on more than adequate notice that the suit is being filed for unpaid invoices with regards to repairs and other work performed by these various entities. Construing the plaintiff's complaint as to do substantial justice results in a finding that while The Yacht Works, Inc. was administratively dissolved, there is certainly standing and capacity to sue on behalf of the various entities identified in the complaint.

## III. CONCLUSION

For the reasons set forth above, because there are genuine disputes as to material fact and because defendants are not entitled to judgment as a matter of law, the defendants' motion should be denied.

By its attorneys,

/s/ Seth S. Holbrook
Seth S. Holbrook, RI Bar # 5677
HOLBROOK & MURPHY
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151
holbrook_murphy@msn.com

Certificate of Service

I hereby certify that on March 20, 2008, I electronically filed Plaintiff's Opposition to Defendants' Motion for Summary Judgment with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Seth S. Holbrook
Seth S. Holbrook, RI Bar # 5677
HOLBROOK & MURPHY
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151
holbrook_murphy@msn.com