UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN ADMIRALTY

CASE NO.: CA-07-375ML

| | |
|---|---|
| YACHT WORKS, INC., for itself and Others, | ) |
| Plaintiff, | ) |
| v. | ) |
| LAURA HELENE ANDRE, INC., *In Personam* | ) |
| AND | ) |
| S/V APACHE, her engines, tackle and equipment, *In Rem* | ) |
| Defendants | ) |

**DEFENDANTS, LAURA HELENE ANDRE, INC. AND S/V APACHE'S, MEMORANDUM IN REPLY TO YACHT WORKS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT [DOC. 26]**

Defendants, Laura Helene Andre, Inc. ("Andre") and the S/V *Apache* ("Apache") (hereinafter sometimes collectively "Andre/*Apache*"), by and through the undersigned counsel, reply to Plaintiff's [Yacht Works, Inc. ("YWI")] Opposition to Defendant's Motion for Summary Judgment (Document 26) ("Opposition to MSJ") as follows:

## I. Lacking Capacity to Sue on Its Own Behalf, YWI Necessarily Lacks Capacity to Sue on Behalf of Others.

In both its Opposition to MSJ and Motion to Amend, YWI concedes the fundamental premise of Andre/*Apache*'s motion for summary judgment, that, because

YWI had been administratively dissolved in Florida, it lacks both standing to bring an action in this Court and the capacity to maintain or defend in a Florida court or in this Court. The lack of capacity is not cured by YWI's allegation that it has brought its claim "for itself and others", even if those "others" may, *arguendo*, have standing or capacity to sue in their own right. YWI, a non-existent entity, is not permitted to advance claims on its own behalf or for the benefit of others. Accordingly, Andre/*Apache* is entitled, without more, to summary judgment dismissing YWI's claims.

In opposing summary judgment, YWI seeks to circumvent its lack of standing and capacity by moving to amend its defective complaint. That approach is equally flawed because, just as YWI lacked capacity to file the original complaint, it lacks capacity to file a motion in an action which was impermissible *ab initio*. YWI may not bootstrap itself out of incapacity by relying on the capacity of others not yet before the Court. The proper procedural order of dealing with the motions now before the Court is (1) to grant Andre/*Apache*'s motion for summary judgment, thereby dismissing the complaint, and (2) to deny YWI's motion to amend its complaint as moot.[1]

For the foregoing reasons, Andre/*Apache*'s motion for summary judgment should be granted and YWI"s complaint should be dismissed. In addition, the Letter of Undertaking bonding YWI's lien should be discharged, and the Security posted pursuant to the Letter of Undertaking should be released to Laura Helen Andre, Inc.

[1] Simultaneously with this reply memorandum, we are filing our objection to YWI's motion to amend its complaint, which sets out more fully the reasons that amendment would be improper.

Respectfully Submitted,

/s/ *Matthew E. Smith*
Matthew E. Smith, RI Bar No. 4120
Attorney for Laura Helene Andre, Inc.
and the S/V *Apache*
1206 Westminster Street
Providence Rhode Island, 02909
Tel. (401) 453-0700
Fax. (401) 454-5557

- and -

/s/ *Jeffrey W. Miller*
Jeffrey W. Miller, Fla Bar #0012609
BOSSHARDT & MILLER LLP
Attorneys for Laura Helene Andre, Inc.
and the S/V *Apache*
1600 S.E.17th Street Causeway, Suite 405
Ft. Lauderdale, Florida 33316
(954) 764-7772
jeff@yachtlawyers.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically this 27th day of March, 2008.

/s/ *Jeffrey W. Miller*
Jeffrey W. Miller, Fla Bar #0012609
BOSSHARDT & MILLER LLP
Attorneys for Laura Helene Andre, Inc.
and the S/V *Apache*
1600 S.E.17th Street Causeway, Suite 405
Ft. Lauderdale, Florida 33316
(954) 764-7772
jeff@yachtlawyers.com