UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN ADMIRALTY

CASE NO.: CA-07-375ML

YACHT WORKS, INC., for itself and Others,

Plaintiff,

v.

LAURA HELENE ANDRE, INC., *In Personam*

AND

S/V APACHE, her engines, tackle and equipment, *In Rem*

Defendants

**DEFENDANTS, LAURA HELENE ANDRE, INC. AND S/V APACHE'S, OBJECTION TO YACHT WORKS' MOTION TO AMEND COMPLAINT [DOC 27] WITH INCORPORATED MEMORANDUM OF LAW**

## OBJECTION

Defendants, Laura Helene Andre, Inc. ("Andre") and the S/V *Apache* ("Apache") (hereinafter sometimes collectively "Andre/*Apache*"), by and through the undersigned counsel, [Yacht Works, Inc. ("YWI")], pursuant to LR Cv7(b)(1), hereby file their objection to Plaintiff's [Yacht Works, Inc. ("YWI")] Motion to Amend Complaint (Document 27) ("Motion to Amend"), which they oppose for the reasons set forth in the following memorandum of law:

# MEMORANDUM OF LAW

## I. Lacking Capacity to Sue A*b Initio,* YWI Necessarily Lacks Capacity to Move to Amend its Pleading.

In both its Opposition to Defendants' Motion for Summary Judgment and Motion to Amend, YWI concedes the fundamental premise of Andre/*Apache*'s motion for summary judgment, that, because YWI had been administratively dissolved in Florida, it lacks both standing to bring an action in this Court and the capacity to maintain or defend in a Florida court or this Court. The lack of capacity is not cured by YWI's allegation that it has brought its claim "for itself and others", even if those "others" may, *arguendo*, have standing or capacity to sue in their own right. YWI, a non-existent entity, is not permitted to advance claims on its own behalf or for the benefit of others.

In opposing summary judgment, YWI seeks to circumvent its lack of standing and capacity by moving to amend its defective complaint. That approach is equally flawed because, just as YWI lacked capacity to file the original complaint, it lacks capacity to file a motion in an action which was impermissible *ab initio*. YWI may not bootstrap itself out of incapacity by relying on the capacity of others not yet before the Court. The proper procedural order of dealing with the motions now before the Court is (1) to grant Andre/*Apache*'s motion for summary judgment, thereby dismissing the complaint, and (2) to deny YWI's motion to amend its complaint as moot.

## II. Additional Claimants Must Follow Proper Procedure for Asserting Maritime Lien Claims.

Because YWI lacked standing to bring suit to enforce its alleged maritime lien, arrest of the *Apache* was improper and, therefore, there is no basis for the Court to

continue to maintain jurisdiction over this matter. In cases *in rem* to enforce maritime liens, the court acquires jurisdiction only once the vessel upon which the lien is claimed is properly arrested in accordance with the procedures set forth in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Rule C"). Therefore, if this Court finds that YWI lacked standing to bring the claims asserted in its verified complaint, then the arrest must be found improper and vacated, thus divesting the Court of jurisdiction in this matter.

The only way jurisdiction can be re-established is through another party with proper standing following the procedures set forth in Rule C, which requires *inter alia* the filing of a verified complaint and the court's issuance of a warrant of arrest. *See Nuta v. M/V Fountas Four*, 753 F.Supp. 352 (S.D. Fla. 1990) (holding that the procedures set forth in Rule C must be strictly complied with in order for a vessel to be validly within the *in rem* jurisdiction of the federal courts). In seeking to amend to add additional parties, YWI's counsel is asking the court to ignore the procedural requirements of Rule C and to assume jurisdiction over the claims of other parties. However, as stated by the *Nuta* Court, "Congress has empowered the Supreme Court of the United States of America to prescribe the rules of procedure utilized in the federal courts. 28 U.S.C. § 2072. To allow litigants to alter or disregard the prescribed procedure willy-nilly invites problems." *Id*. at 354. Such problems include not only inconsistency in procedure amongst the federal courts but prejudice and injustice to Admiralty defendants resulting from claimants' being able to invoke the jurisdiction of the federal courts and assert maritime liens without having to go through the carefully prescribed rules of procedure designed by the Supreme Court to protect against improper and frivolous claims.

**III. Amendment of Complaint Would be Futile and Prejudicial to Defendants and therefore should be Denied.**

Even if this Court finds that YWI may amend its pleading despite its lack of standing to sue, such amendment would be futile, as well as prejudicial to Defendants. Therefore, YWI's motion should be denied. The Supreme Court in *Foman v. Davis*, 371 U.S. 178, 230 (1962), set forth the test for determining whether leave to amend should be granted, noting that leave should be freely given "[i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Amendment in this case would be futile since, as set forth above, YWI's lack of standing invalidated the original arrest and thus prevented this Court from acquiring jurisdiction at the outset. As such, the amended complaint would not survive a motion to dismiss for lack of jurisdiction since the additional claimants have not followed the procedures set forth in Rule C. If an amendment would not survive a motion, it is futile and will be denied. *See* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 1487 (1990).

Additionally, allowing such amendment will be unduly prejudicial to Defendant. As a result of YWI's improperly filed claim, Laura Helene Andre Inc. has suffered great expense and inconvenience including a substantial delay in completing the refit of the *Apache*, the loss of the use of $130,000 posted to secure the *Apache's* release, and litigation costs including the cost of researching and preparing a well-founded motion for summary judgment.

Courts have consistently found that it is prejudicial to a party to allow leave to amend where a motion for summary judgment is pending. *See Fatir v. Dowdy*, 2002 U.S. Dist. LEXIS at *20 (D.Del. Sept. 4, 2002) (citations omitted); *see also, Duffy v. Charles Schwab & Co., Inc*., 2001 U.S. Dist Lexis at *1-2 (D.N.J. Sept 4, 2001) (denying leave to amend because such would prejudice the defendant where summary judgment motions were pending and allowing amendment would result in increased cost, preparation, and motion practice). As the *Fatir* court stated, "motions to amend which follow the filing of motions for summary judgment are heavily disfavored. In the present case, the timing of the motion to amend in response to the defendant's motion raises an inference that the plaintiff is attempting to bolster his legal position--and therefore avoid summary judgment--by amending the complaint. This is an unacceptable reason to amend." *Fatir* at *23. This reasoning has also been followed by the courts of this Circuit. *See Kennedy v. Josephthal & Co.*, 814 F.2d 798, 806 (1st Cir. 1987) (finding that the motion to amend the complaint appeared to be "an attempt to avoid an adverse ruling on summary judgment" and therefore affirming the lower court's ruling denying leave to amend). In this case, Plaintiff is seeking to amend for the sole purpose of avoiding summary judgment, and, as such, leave to amend should be denied.

For the foregoing reasons, Andre/*Apache*'s motion for summary judgment should be granted, YWI"s complaint should be dismissed, and YWI's motion to amend should be denied. In addition, the Letter of Undertaking bonding YWI's lien should be discharged, and the Security posted pursuant to the Letter of Undertaking should be released to Laura Helen Andre, Inc.

Respectfully Submitted,

/s/ *Matthew E. Smith*
Matthew E. Smith, RI Bar No. 4120
Attorney for Laura Helene Andre, Inc.
and the S/V *Apache*
1206 Westminster Street
Providence Rhode Island, 02909
Tel. (401) 453-0700
Fax. (401) 454-5557

- and -

/s/ *Jeffrey W. Miller*
Jeffrey W. Miller, Fla Bar #0012609
BOSSHARDT & MILLER LLP
Attorneys for Laura Helene Andre, Inc.
and the S/V *Apache*
1600 S.E.17th Street Causeway, Suite 405
Ft. Lauderdale, Florida 33316
(954) 764-7772
jeff@yachtlawyers.com

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically this 27th day of March, 2008.

/s/ *Jeffrey W. Miller*
Jeffrey W. Miller, Fla Bar #0012609
BOSSHARDT & MILLER LLP
Attorneys for Laura Helene Andre, Inc.
and the S/V *Apache*
1600 S.E.17th Street Causeway, Suite 405
Ft. Lauderdale, Florida 33316
(954) 764-7772
jeff@yachtlawyers.com