**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **YACHT WORKS, INC., for itself and others,** | ) | |
| **Plaintiffs** | ) | |
| **v.** | ) | |
| **LAURA HELENE ANDRE INC., In Personam** | ) | **CIVIL ACTION NO.: 07-375-ML-DLM** |
| **AND** | ) | |
| **S/V APACHE, her engines, tackle and equipment, In Rem** | ) | |
| **Defendants** | ) | |

**PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTION TO MOTION TO AMEND COMPLAINT**

Now comes the plaintiff, by and through its undersigned attorneys, and submits its Reply to the Defendants' Objection to Plaintiff's Motion to Amend Complaint.

1. **Defendants cite to cases that are not on point or are factually different from the circumstances of this case.**

In its objection, defendants cite to several cases claiming to support reasons for denying the Motion to Amend. However, a review of the cases shows that the cases are not on point for the following reasons.

Fatir v. Dowdy, 202 U.S. Dist. LEXIS 16480 (D.Del. Sept. 4, 2002), was a *pro se* prisoner case in which the prisoner sought to amend the complaint. The amendment sought was the fourth amended complaint. The amendment concerned issues with

regards to which the court found that the prisoner had not yet exhausted his administrative remedies with regards to certain claims.

Duffy v. Charles Schwab & Co. Inc., 201 U.S. Dist. LEXIS 14070 (D.N.J. Sept. 4, 2001), was a case which the court indicated was "Not for Publication." In Duffy, when the plaintiff sought to amend, there had already been two memorandum decisions issued by the court. Plaintiff's explanation for not filing an earlier amended claim was that they "waited to see if the defendant would file for motion for summary judgment."

Kennedy v. Josephthal & Co., 814 F.2d 798 (1987), was a case in which plaintiff's sought to amend after the close of discovery. Also, in Kennedy, the district court had already issued various memorandum opinions prior to the plaintiff moving to amend the complaint.

**2. Defendants cite no authority in support of their contention that the complaint cannot be amended because of the *in rem* claim.**

Defendants cite the case of Nuta v. M/V Fountas Four, 753 F.Supp. 352 (S.D. Fla. 1990), in regards to their contention that the plaintiff cannot amend its complaint. However, a reading of Nuta shows that it is not on point and does not support the contentions made by defendants' counsel.

Further, the plaintiff, in its motion, has asked for the security to be amended to include the claims of the new plaintiffs.

**3. Conclusion.**

The defendants do not cite any law which contravenes the clear language of FED. R. CIV. P. 15(a). There has been no discovery conducted and the amended complaint is not a surprise to the defendants.

By its attorneys,

/s/ Seth S. Holbrook

Seth S. Holbrook, RI Bar # 5677
HOLBROOK & MURPHY
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151
holbrook_murphy@msn.com

Certificate of Service

I hereby certify that on April 1, 2008, I electronically filed Plaintiff's Reply to Defendants' Objection to Motion to Amend Complaint with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Seth S. Holbrook

Seth S. Holbrook, RI Bar # 5677
HOLBROOK & MURPHY
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151
holbrook_murphy@msn.com