UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN ADMIRALTY

CASE NO.: CA-07-375ML

MICHAEL MARCIN, MICHAEL MARCIN d/b/a YACHT WORKS, INC. MICHAEL MARCIN d/b/a YACHT WORKS, SUPER YACHT CARPENTRY, INC., PARADISE MARINE, INC., ANDREW PIACANTE, COMFORT MARINE, INC., AUSTIN PHILLIPS, ATLAS MARINE INC., NANCE & UNDERWOOD, RIGGING & SAILS, INC., and GENERAL FABRICS, INC.,

Plaintiffs

v.

LAURA HELENE ANDRE, INC., *In Personam*

AND

S/V APACHE, her engines, tackle and equipment, *In Rem*

Defendants

Laura Helene Andre, Inc.,

Counter Claim Plaintiff

v.

Michael Marcin, Andrew Piacante, Austin Phillips, and Atlas Marine, Inc.,

Counter Claim Defendants

**DEFENDANTS, LAURA HELENE ANDRE, INC. AND S/V APACHE'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO PLAINTIFFS' AMENDED COMPLAINT**

Defendants, Laura Helene Andre, Inc. and the S/V *Apache*, Answer the Amended Complaint, denying all allegations not specifically admitted, raise Affirmative Defenses, and Counterclaim, as follows:

## ANSWER

1. Admitted for jurisdictional purposes only.

2. Without knowledge.

3. Admitted that the persons and entities named performed some work or provided services to the *Apache*, otherwise denied.

4. Admitted that the *Apache* is, as of the time of filing this answer, located at a shipyard in Newport Rhode Island. Denied that she will be within the jurisdiction of this court during the pendency of this action or that she is under any obligation to do so. The *Apache* has been released pursuant to agreement of the parties and the posting of security pursuant to a Letter of Undertaking, which is on file with the Court. Accordingly, and pursuant to the well settled law of Admiralty, Plaintiffs *in rem* claims have transferred to the sum held pursuant to the LOU and the Apache is not longer subject to such claims.

5. Admitted.

6. Admitted that Laura Helene Andre Inc. was and still is the owner of the *Apache*. Without knowledge as to what “work” Plaintiff is referring to, therefore the remainder of the allegations in paragraph six are denied.

## COUNT I

7. Admitted that Laura Helene Andre, Inc. entered into an agreement with a non-existent entity which Michael Marcin represented to be Yacht Works, Inc., of which Michael Marcin was principal, to act as project manager to supervise the refit and repair

of the *Apache.* Without knowledge at to the "other agreements" referred to in paragraph seven. Without knowledge as to the "work" and "materials" Plaintiff is referring, therefore remainder of allegations in paragraph seven are denied.

8. Admitted that Defendant has not paid the total sum claimed by Plaintiffs.

Denied that such sum is due.

9. Denied

10. Denied.

## Count II

11. Paragraphs 1 through 10 are answered as above as if fully set forth herein.

12. Denied.

## Affirmative Defenses

**A. Affirmative Defenses as to claims of Michael Marcin, Michael Marcin d/b/a Yacht Works, Inc., Michael Marcin d/b/a Yacht works.**

I. Failure and Breach of Contract.

a. Failure of Contract. Laura Helene Andre, Inc. entered into an agreement with a non-existent entity which Michael Marcin represented to be Yacht Works, Inc., of which Michael Marcin was principal, to act as project manager to supervise the refit and repair of the *Apache.* Yacht Works, Inc. is thus without capacity or standing to claim any amounts due from Laura Helene Andre, Inc., and Michael Marcin, either for himself or doing business as any other entity, has no contract with Laura Helene Andre, Inc. upon which he may seek recovery herein.

b. Breach of Contract. Alternatively, if Michael Marcin is able to maintain an action on the contract of Yacht Works, Inc., any obligation on the part of Laura Helene Andre, Inc. to pay Michael Marcin, Michael Marcin d/b/a Yacht Works, Inc. or

Michael Marcin d/b/a Yacht Works (collectively "Marcin") has been excused by Marcin's material breach of contract with Laura Helene Andre, Inc.. Specifically, the repairs and modifications and materials to have been provided to the *Apache* under Marcin's supervision and management either were not completed or were insufficient, inadequate and lacking in the requisite degree of workmanship called for under the agreement with Yacht Works, Inc. and pursuant to general maritime law. Moreover, Marcin failed to deliver the vessel within the agreed upon time-frame or within a reasonable time thereafter. By failing to complete the work or see to it that the work was completed in a satisfactory, workmanlike manner and to deliver the vessel within the time originally contemplated by the parties or a reasonable time thereafter, Marcin materially breached the agreement with Laura Helene Andre, Inc. and is therefore not entitled to any recovery thereunder.

II. Recoupment. Any claims asserted by Marcin should be reduced or eliminated to the extent of the sums due Defendants for the reasons alleged in Defendants' Counterclaim and any subsequent amendments thereto.

III. Failure of Condition Precedent. Defendant Laura Helene Andre, Inc. is excused from having to perform because conditions precedent to full payment that were required of Marcin, namely, the proper and satisfactory completion of the repairs and modifications to the *Apache* with the requisite degree of workmanship and quality and delivery of the *Apache* within a reasonable period of time, never occurred.

IV. Excessive Charges and Failure to Complete Repairs in Timely Fashion. Even if Marcin is found not to be in breach of the contract, Marcin's charges were excessive, unreasonable and therefore Marcin's claims should be accordingly reduced or eliminated.

V. Posting of Security. Defendants have posted security pursuant to a Letter of Undertaking in Lieu of Marcin's right to foreclose a maritime lien on the *Apache* and as such judicial sale of the *Apache* is not an available remedy in this action.

VI. No Right to Attorneys Fees. Marcin is not entitled to attorney's fees under either Count I or Count II under the "American Rule" applicable to this case and have not and can not establish a statutory or contractual basis for the award of attorney's fees.

VII. Reservation of Rights. Defendants reserve their right to assert any and all additional affirmative defenses as may become apparent through further investigation and discovery.

**B. Affirmative Defenses as to Andrew Piacante**

I. Breach of Warranty of Workmanlike Performance. Any obligation to pay Andrew Piacante has been excused by his material breach of contract with Defendant, Laura Helene Andre, Inc. Specifically, the repairs and modifications and materials to have been provided to the *Apache* by Andrew Piacante were either not completed or insufficient, inadequate and lacking in the requisite degree of workmanship called for under the parties' agreement and the general maritime law.

II. Recoupment. Any claims asserted by Andrew Piacante should be reduced or eliminated to the extent of the sums due Defendants for the reasons alleged in Defendants' Counterclaim or any subsequent amendments thereto.

III. Failure of Condition Precedent. Defendant Laura Helen Andre Inc. is excused from having to perform because conditions precedent to full payment that were required of Andrew Piacante, namely, the proper and satisfactory completion of the repairs and modifications to the *Apache* with the requisite degree of workmanship and quality never

occurred.

IV. Posting of Security. Defendants have posted security pursuant to a Letter of Undertaking in Lieu of Andrew Piacante's right to foreclose a maritime lien on the *Apache* and, as such, judicial sale of the *Apache* is not an available remedy in this action.

V. No Right to Attorneys Fees. Andrew Piacante is not entitled to attorney's fees under either Count I or Count II under the "American Rule" applicable to this case and has not and can not establish a statutory or contractual basis for the award of attorney's fees.

VI. Reservation of Rights. Defendants reserve their right to assert any and all additional affirmative defenses as may become apparent through further investigation and discovery.

**C. Affirmative Defenses as to Austin Phillips**

I. Breach of Contract/Warranty of Workmanlike Performance. Any obligation to pay Austin Phillips has been excused by his material breach of contract with Defendant Laura Helene Andre, Inc. Specifically, the repairs and modifications and materials to have been provided to the *Apache* by Austin Phillips were either not completed or insufficient, inadequate and lacking in the requisite degree of workmanship called for under the parties' agreement and the general maritime law.

II. Recoupment. Any claims asserted by Austin Phillips should be reduced or eliminated to the extent of the sums due Defendants for the reasons alleged in Defendants' Counterclaim or any subsequent amendments thereto.

III. Failure of Condition Precedent. Defendant Laura Helen Andre Inc. is excused from having to perform because conditions precedent to full payment that were required

of Austin Phillips, namely, the proper and satisfactory completion of the repairs and modifications to the Vessel with the requisite degree of workmanship and quality never occurred.

IV. Posting of Security. Defendants have posted security pursuant to a Letter of Undertaking in Lieu of Austin Phillips' right to foreclose a maritime lien on the *Apache* and, as such, judicial sale of the *Apache* is not an available remedy in this action.

V. No Right to Attorneys Fees. Austin Phillips is not entitled to attorney's fees under either Count I or Count II under the "American Rule" applicable to this case and has not and can not establish a statutory or contractual basis for the award of attorney's fees.

VI. Reservation of Rights. Defendants reserve their right to assert any and all additional affirmative defenses as may become apparent through further investigation and discovery.

**D. Affirmative Defenses as to Atlas Marine, Inc.**

I. Breach of Contract/Warranty of Workmanlike Performance. Any obligation to pay Atlas Marine, Inc. ("Atlas") has been excused by its material breach of contract with Defendant Laura Helene Andre, Inc. Specifically, the repairs and modifications and materials to have been provided to the *Apache* by Atlas were either not completed or insufficient, inadequate and lacking in the requisite degree of workmanship called for under the parties' agreement and the general maritime law.

II. Recoupment. Any claims asserted by Atlas should be reduced or eliminated to the extent of the sums due Defendants for the reasons alleged in Defendants' Counterclaim or any subsequent amendments thereto.

III. Failure of Condition Precedent. Defendant Laura Helen Andre Inc. is excused from having to perform because conditions precedent to full payment that were required of Atlas, namely, the proper and satisfactory completion of the repairs and modifications to the *Apache* with the requisite degree of workmanship and quality never occurred.

IV. Posting of Security. Defendants have posted security pursuant to a Letter of Undertaking in Lieu of Atlas' right to foreclose a maritime lien on the *Apache* and, as such, judicial sale of the *Apache* is not an available remedy in this action.

V. No Right to Attorneys Fees. Atlas is not entitled to attorney's fees under either Count I or Count II under the "American Rule" applicable to this case and has not and can not establish a statutory or contractual basis for the award of attorney's fees.

VI. Reservation of Rights. Defendants reserve their right to assert any and all additional affirmative defenses as may become apparent through further investigation and discovery.

**E. Affirmative Defenses as to Nance & Underwood, Rigging and Sails, Inc.**

I. Payment and Release. Nance & Underwood, Rigging and Sails, Inc. has been paid in full and has executed a release of all claims and therefore is estopped from bringing this action.

**F. Affirmative Defenses as to Paradise Marine**

I. Payment and Release. Paradise Marine has been paid in full and has executed a release of all claims, and therefore, is estopped from bringing this action.

**G. Affirmative Defenses as to Comfort Marine, Inc.**

I. Tender of Payment. Laura Helene Andre, Inc. has tendered payment in full to Comfort Marine, Inc. ("Comfort Marine). Accordingly, Comfort Marine has no basis on

which to assert the claim alleged herein and is estopped from bringing this action.

**H. Affirmative Defenses as to General Fabrics, Inc.**

I. Tender of Payment. Laura Helene Andre, Inc. has tendered payment in full to General Fabrics, Inc ("General Fabrics"). Accordingly, General Fabrics has no basis on which to assert the claim alleged herein and is estopped from bringing this action.

**I. Affirmative Defenses as to Super Yacht Carpentry, Inc.**

I. Tender of Payment. Laura Helene Andre, Inc. has tendered payment in full to Super Yacht Carpentry ("Super Yacht"). Accordingly, Super Yacht has no basis on which to assert the claim alleged herein and is estopped from bringing this action.

WHEREFORE, Defendants Laura Helene Andre Inc. and the S/V *Apache* pray for judgment in their favor and any further relief as the Court deems appropriate.

## COUNTERCLAIM

Laura Helene Andre, Inc. hereby sues Michael Marcin, Michael Marcin d/b/a Yacht Works, Inc., Michael Marcin d/b/a Yacht Works, Andrew Piacante, Austin Phillips, and Atlas Marine, Inc., upon the following claims:

## PARTIES

1. Laura Helene Andre Inc. is a corporation incorporated under the laws of the state of Pennsylvania and is the sole owner of the S/V *Apache*, a 104 foot sailing vessel (the "Vessel").

2. Michael Marcin[1] ("Marcin") is an individual residing in South Florida. Marcin specializes in project management for repairs, refits and new construction of

[1] Plaintiffs amended complaint lists as Plaintiffs, Michael Marcin, Michael Marcin d/b/a Yacht Works, Inc. and Michael Marcin d/b/a Yacht Works. Yacht Works, Inc was administratively dissolved prior to Mr. Marcin's engagement by Laura Helene Andre, Inc., and a review of the records of the State of Florida reveals that he is not authorized to do business as either Yacht Works, Inc. or Yacht Works. Therefore, in the interest of clarity and economy of words all three are referred to herein collectively as "Marcin."

yachts, and conducts business under the name of Yacht Works Inc., a Florida Corporation which was administratively dissolved by the State of Florida in 2005.

3. Andrew Piacante ("Piacante") is an individual who, upon information and belief, is a resident of the State of Florida. Piacante works as a marine mechanic specializing in engine, generator and other mechanical repairs and maintenance.

4. Austin Phillips ("Phillips") is an individual who, upon information and belief, is a resident of the state of Florida. Mr. Phillips works as a painter specializing in painting yachts and other vessels.

5. Atlas Marine, Inc. ("Atlas") is a Florida corporation specializing in providing electrical installations and repairs on yachts and other vessels.

## JURISDICTIONAL AND COMMON FACTUAL ALLEGATIONS

6. This Counterclaim is in response to an admiralty and maritime action brought by Plaintiffs within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and pursuant to Title 28 of the United States Code, sec. 1333, and this Court has supplemental jurisdiction over this Counterclaim under 28 U.S.C. § 1367(a) as the Counterclaim arises out of the same transaction(s) and occurrence(s) alleged in the Plaintiffs' complaint.

7. In or about May of 2005, Laura Helen Andre Inc. by oral agreement with Michael Marcin ("Marcin") engaged a non-existent entity which Marcin represented to be Yacht Works, Inc., of which Marcin was principal, to oversee the refit and repair of the Vessel which at that time was located in and having repairs done in Trinidad. At that time Marcin represented that he was doing business under the name of his Florida Corporation, Yacht Works, Inc., which at that time had already been administratively

dissolved by the State of Florida

8. The Vessel was purchased as an investment, and, as such, the refit was to be comprehensive in order to bring the Vessel, its equipment, rigging, furnishings, and fittings back to marketable "Yacht Quality" so that the Vessel could be sold for a profit.

9. Pursuant to the parties' agreement, Marcin was to identify areas needing repair or modification, hire and supervise qualified sub-contractors, review and approve work completed and generally oversee the repairs and refit to the Vessel.

10. In or about the Fall of 2005, the parties determined that the work could be done more efficiently in Fort Lauderdale, and the Vessel was brought to Fort Lauderdale, Florida in December of 2005.

11. During the period from the Fall of 2005 through the Fall of 2007, Marcin, on behalf of Laura Helen Andre Inc., hired various specialty contractors to work on the Vessel, including, Piacante, Phillips, and Atlas.

12. In or about March or April 2006, Laura Helen Andre Inc. requested from Marcin a detailed fixed estimate for completion of the refit with a set date for completion. In response, Marcin produced an estimate of $156,000 for completion of all remaining repairs to the Vessel and stated that the Vessel would be completed by May 31, 2006.

13. Marcin, by hiring the said various specialty contractors for the refit on behalf of Laura Helen Andre Inc., undertook the duty to act in the best interest of Laura Helene Andre, Inc. in supervising their work to assure that it was performed properly, coordinating the several contractors so that the refit work proceeded efficiently and in a timely fashion, in determining that work performed was necessary and appropriate, and in assuring the costs billed for the various elements of the work were reasonable.

14. The repairs were not completed by May 31, 2006 as promised, and at that time Marcin promised that the Vessel would be completed by the time of the Fort Lauderdale Boat Show in October 2006.

15. Despite Marcin's promise, by the time of the Fort Lauderdale Boat Show in October 2006, the Vessel was still far from complete with many major items still incomplete. Moreover, by then Marcin's invoices relating to work on the Vessel had exceeded his April 2006 estimate by some $64,000.

16. In December 2006, Marcin issued yet another estimate of $98,000 to finish the repairs on the Vessel and promised completion by the time of the Miami International Boat Show in February 2007.

17. The Vessel was not completed by the time of the Miami Boat Show in February 2007.

18. Laura Helene Andre, Inc. then hired a consultant to go through the Vessel with Marcin and create a punch list of outstanding items to be completed (the "Punch List") and a final estimate of cost to complete the Punch List items.

19. Based on the Punch List, Marcin produced a final estimate of an additional $172,000 to finish the work on the Vessel.

20. The Vessel was finally declared completed by Marcin in or about August/September of 2007, over a year after the original completion date he had promised. At that time Marcin specifically told Mike Wettstone, a consultant working for Laura Helene Andre, Inc. and who would be aboard the Vessel enroute to Newport Rhode Island, that the Vessel was seaworthy, ready for the voyage north, and ready to be put on the market.

21. On or about September 2007, and the S/V *Apache*, with a crew hired by Laura Helene Andre, Inc., set sail from Fort Lauderdale, Florida for Newport, Rhode Island.

22. During the voyage it soon became apparent that despite Marcin's claims that the work on the Vessel was complete, much of the work which had been paid for or identified in the Punch List either had not been done or had been improperly completed. Problems with the workmanship on the Vessel include but are not limited to:

A. There are major problems with the main electrical panel and wiring throughout the Vessel despite some $85,000 charged by Atlas for work done. In particular, the main panel when opened reveals rampant corrosion and decay, and frequently sparks. This panel was to have been completely overhauled with new hardware. In addition, the shore power inlet was improperly connected or not connected at all and smoked and burned while the Vessel was in Newport. An electrical survey in Newport has revealed numerous repairs necessary to the wiring throughout the Vessel.

B. The engine and two generators, which were to have been completely overhauled and repaired by Piacante at a cost of $34,000, had numerous problems and had to be replaced while the Vessel was in Newport.

C. The A/C unit servicing the main salon is too small and the air handlers are not functioning properly. Thermostats were removed from each of the staterooms and wires were improperly jumped together using speaker wire and tape. Moreover, the unit does not provide heat as required.

D. The main bilge/fire pump was not repaired (despite invoicing indicating that repairs were completed) and in fact was left completely disconnected, thus putting

the Vessel in danger of sinking had she taken on water during the voyage.

E. All of the hatches on the Vessel, which were to have been properly sealed, instead leak. The leak in the forward stateroom hatch filled the air handler in that room with salt water which caused an electrical fire.

F. During the voyage, the Vessel suffered a failure of the Aqua Drive which drives the propeller shaft, and the Vessel had to be towed into Charleston, South Carolina for repairs. The Aqua Drive was to have been fully repaired, and, indeed, Laura Helene Andre Inc. paid invoices for work on the Aqua Drive which either was not completed or improperly completed.

23. As a result of Marcin's mismanagement of the project and failure to fulfill his obligations under the parties' agreement, Laura Helene Andre Inc. has suffered, and continues to suffer, damages.

24. Laura Helene Andre, Inc. has performed all obligations under its agreement with Marcin, and all conditions precedent to bringing this action have been satisfied, waived or excused.

**COUNT I – BREACH OF CONTRACT**
**(As to Michael Marcin)**

25. Laura Helen Andre, Inc. realleges paragraphs 1 through 24 above as if fully set forth herein.

26. This is an action for damages for breach of contract against Michael Marcin ("Marcin").

27. Marcin materially breached his contract with Laura Helen Andre, Inc. by failing to procure completion of all of the necessary repairs and modifications required to bring the Vessel to marketable "Yacht Quality" as per the parties' agreement. Marcin

further breached the agreement through the negligent hiring of incompetent and unqualified sub-contractors, through failing properly to supervise and oversee the work being done by said sub-contractors and by failing to monitor the costs incurred to assure that they were appropriate and reasonable. Moreover, Marcin further materially breached his agreement with Laura Helen Andre, Inc. by failing to complete the repairs and refit to the Vessel as promised and within the agreed upon estimates and timeframe or within a reasonable time thereafter.

28. As a result of Marcin's breach, Laura Helen Andre, Inc. has suffered damages including but not limited to the cost of completing repairs and modifications, repairing the damage caused by the defective work, and correcting the inadequate workmanship throughout the Vessel. In addition, Laura Helen Andre, Inc., by not being able to put the Vessel on the market, continues to suffer damages relating to depreciation of the Vessel and carrying costs.

WHEREFORE, Counter-Plaintiff, Laura Helene Andre, Inc., prays for judgment against Michael Marcin for damages, costs of this action, and such other further relief as the Court may deem appropriate.

**Count II – Breach of Warranty of Workmanlike Performance**
**(As to Michael Marcin)**

29. Laura Helen Andre, Inc. realleges paragraphs 1 through 24 above as if fully set forth herein.

30. This is a cause of action for breach of the Warranty of Workmanlike Performance against Michael Marcin.

31. As a marine service provider Michael Marcin warranted to Laura Helene Andre, Inc. that he would provide services in a workmanlike manner and use the degree

of diligence, attention and skill necessary to ensure that the repairs to the vessel were completely and properly effected.

32. Michael Marcin breached the Warranty of Workmanlike performance by failing to hire competent contractors, failing to properly oversee and instruct the contractors on the work being done on the Vessel, and by failing to properly inspect the Vessel to ensure that the work had been completed in a satisfactory manner.

33. As a result of Marcin's breach, Laura Helen Andre, Inc. has suffered damages including but not limited to the cost of completing repairs and modifications which were not completed, and correcting the inadequate workmanship throughout the Vessel. In addition, Laura Helen Andre, Inc., by not being able to put the Vessel on the market, continues to suffer damages relating to depreciation of the Vessel and carrying costs.

WHEREFORE, Defendant/Counter-Plaintiff Laura Helene Andre, Inc. prays for judgment against Michael Marcin for damages, costs of this action, and such other further relief as the Court may deem appropriate.

**COUNT III – NEGLIGENCE**
**(As to Michael Marcin)**

34. Laura Helen Andre, Inc. realleges paragraphs 1 through 24 above as if fully set forth herein.

35. This is an action for negligence against Michael Marcin.

36. As a Marine Service Provider Michael Marcin had a duty to exercise reasonable care in the performance of his services.

37. Michael Marcin breached this duty by failing to hire competent contractors, failing to properly oversee and instruct the contractors on the work being

done on the Vessel, and by failing to properly inspect the Vessel to ensure that the work had been completed in a satisfactory manner.

38. As a result of Marcin's breach, Laura Helen Andre, Inc. has suffered damages including but not limited to the cost of completing repairs and modifications which were not completed, and correcting the inadequate workmanship throughout the Vessel. In addition, Laura Helen Andre, Inc., by not being able to put the Vessel on the market, continues to suffer damages relating to depreciation of the Vessel and carrying costs.

WHEREFORE, Defendant/Counter-Plaintiff Laura Helene Andre, Inc. prays for judgment against Michael Marcin for direct and consequential damages, costs of this action, and such other further relief as the Court may deem appropriate.

**COUNT IV – BREACH OF CONTRACT**
**(As to Andrew Piacante)**

39. Laura Helen Andre, Inc. realleges paragraphs 1 through 11 above as if fully set forth herein.

40. This is an action for damages for breach of contract against Piacante.

49. In or about January 2006, Andrew Piacante ("Piacante") was engaged by Michael Marcin to provide engineering and mechanical repair services to the Vessel. Specifically Piacante was to provide the following services to the Vessel:

a. Evaluate condition of generators and engine and make all repairs to bring generators and engines into top working condition.
b. Repair Bilge/Fire Pump to bring into proper working condition.
c. Repair Aqua Drive Assembly to bring into proper working condition.

50. Piacante's work was defective and/or incomplete. In particular, after the yacht's arrival in Newport, it was determined by independent survey that the work done by Piacante on the generators and engine was insufficient and that instead of attempting repair, Piacante should have recommended that the generators and engine be replaced. As a result both generators and the engine had to be replaced at a cost in excess of $175,000. Additionally, the Bilge/Fire Pump was never repaired despite invoicing indicating that repairs had been completed. As a result, Laura Helene Andre, Inc. incurred additional costs to repair the Bilge/Fire Pump. Finally, the Aqua Drive was not properly repaired, resulting in a breakdown on the voyage from Fort Lauderdale to Newport. The breakdown required temporary repairs in Charleston, South Carolina and additional repairs in Newport at significant cost to Laura Helene Andre, Inc.

51. Piacante materially breached its contract with Laura Helen Andre, Inc. by failing to properly complete of all of the necessary repairs and modifications as per the parties' contract.

52. As a result of Piacante's failure to provide the services as contracted and breach of contract, Laura Helen Andre, Inc. has suffered damages including but not limited to the cost of completing repairs and modifications which were not completed, and correcting the inadequate workmanship throughout the Vessel. In addition, Laura Helen Andre, Inc., by not being able to put the Vessel on the market, continues to suffer damages relating to depreciation of the Vessel and carrying costs.

WHEREFORE, Defendant/Counter-Plaintiff Laura Helene Andre, Inc. prays for judgment against Andrew Piacante for damages, costs of this action, and such other further relief as the Court may deem appropriate.

**COUNT V – BREACH OF WARRANTY OF WORKMANLIKE PERFORMANCE**
**(As to Andrew Piacante)**

53. Laura Helen Andre, Inc. realleges paragraphs 1 through 11, 49 and 50 above as if fully set forth herein.

54. This is an action for damages for breach of the Warranty of Workmanlike Performance against Andrew Piacante.

55. As a marine service provider Andrew Piacante warranted to Laura Helene Andre, Inc. that he would effect repairs on the Vessel in a workmanlike manner and use the degree of diligence, attention and skill necessary to ensure that the repairs to the vessel were properly completed.

56. Andrew Piacante breached the Warranty of Workmanlike performance by failing to properly effect the repairs on the Vessel.

57. As a result of Piacante's breach, Laura Helen Andre, Inc. has suffered damages including but not limited to the cost of completing repairs and modifications which were not completed, and correcting the inadequate workmanship throughout the Vessel. In addition, Laura Helen Andre, Inc., by not being able to put the Vessel on the market, continues to suffer damages relating to depreciation of the Vessel and carrying costs.

WHEREFORE, Defendant/Counter-Plaintiff Laura Helene Andre, Inc. prays for judgment against Andrew Piacante for damages, costs of this action, and such other further relief as the Court may deem appropriate.

**COUNT VI – NEGLIGENCE**
**(As to Andrew Piacante)**

58. Laura Helen Andre, Inc. realleges paragraphs 1 through 11, 49 and 50

above as if fully set forth herein.

59. This is an action for damages for negligence against Andrew Piacante.

60. As a Marine Service Provider Andrew Piacante had a duty to exercise reasonable care in the performance repairs on the Vessel.

61. Andrew Piacante breached this duty by failing to properly effect repairs on the Vessel.

62. As a result of Piacante's breach, Laura Helen Andre, Inc. has suffered damages including but not limited to the cost of completing repairs and modifications which were not completed, and correcting the inadequate workmanship throughout the Vessel. In addition, Laura Helen Andre, Inc., by not being able to put the Vessel on the market, continues to suffer damages relating to depreciation of the Vessel and carrying costs.

WHEREFORE, Defendant/Counter-Plaintiff Laura Helene Andre, Inc. prays for judgment against Andrew Piacante for direct and consequential damages, costs of this action, and such other further relief as the Court may deem appropriate.

**Count VII – BREACH OF CONTRACT**
**(As to Austin Phillips)**

63. Laura Helen Andre, Inc. realleges paragraphs 1 through 11 above as if fully set forth herein.

64. This is an action for damages for breach of contract against Phillips.

65. In or about May 2007, Austin Phillips ("Phillips") was engaged by Michael Marcin to provide painting and deck prep services to the Vessel. Specifically, Phillips was to provide the following services to the Vessel: painting the hull, sanding and caulking deck, and repairing the hatches.

66. Phillips work was defective and/or incomplete. Phillips was contracted for this job based on a recommendation from Marcin with an expected total cost of approximately $15,000. Phillips charged $6,000 for deck sanding and $1500 for caulking which was inordinately high given the nature of the work and industry standards. In addition the hull painting was substandard with blistering appearing at the hull to deck joint, around the port windows, and on the cabin sides within three months of completion. There were also deficiencies in the caulking work which had to be corrected and damage to the decking resulting from improper deck sanding. Moreover, hatch repairs were incorrectly done and all of the hatches continued to leak. As a result the yacht has had to be repainted and new hatches installed in Newport at significant cost to Laura Helene Andre, Inc.

67. Phillips materially breached its contract with Laura Helen Andre, Inc. by failing to properly complete of all of the necessary repairs and modifications as per the parties' contract.

68. As a result of Phillips' failure to provide the services as contracted and breach of contract, Laura Helen Andre, Inc. has suffered damages including but not limited to the cost of completing repairs and modifications which were not completed, and correcting the inadequate workmanship throughout the Vessel. In addition, Laura Helen Andre, Inc., by not being able to put the Vessel on the market, continues to suffer damages relating to depreciation of the Vessel and carrying costs.

WHEREFORE, Defendant/Counter-Plaintiff Laura Helene Andre, Inc. prays for judgment against Austin Phillips for damages, costs of this action, and such other further relief as the Court may deem appropriate.

**COUNT VIII – BREACH OF WARRANTY OF WORKMANLIKE PERFORMANCE**
**(As to Austin Phillips)**

69. Laura Helen Andre, Inc. realleges paragraphs 1 through 11, 65 and 66 above as if fully set forth herein.

70. This is an action for damages for breach of the Warranty of Workmanlike Performance against Austin Phillips.

71. As a marine service provider Austin Phillips warranted to Laura Helene Andre, Inc. that he would effect repairs on the Vessel in a workmanlike manner and use the degree of diligence, attention and skill necessary to ensure that the repairs to the vessel were properly completed.

72. Austin Phillips breached the Warranty of Workmanlike performance by failing to properly effect the repairs on the Vessel.

73. As a result of Austin Phillip's breach, Laura Helen Andre, Inc. has suffered damages including but not limited to the cost of completing repairs and modifications which were not completed, and correcting the inadequate workmanship throughout the Vessel. In addition, Laura Helen Andre, Inc., by not being able to put the Vessel on the market, continues to suffer damages relating to depreciation of the Vessel and carrying costs.

WHEREFORE, Defendant/Counter-Plaintiff Laura Helene Andre, Inc. prays for judgment against Austin Phillips for damages, costs of this action, and such other further relief as the Court may deem appropriate.

**COUNT IX – NEGLIGENCE**
**(As to Austin Phillips)**

74. Laura Helen Andre, Inc. realleges paragraphs 1 through 11, 65 and 66

above as if fully set forth herein.

75. This is an action for damages for negligence against Austin Phillips.

76. As a Marine Service Provider Austin Phillips had a duty to exercise reasonable care in the performance repairs on the Vessel.

77. Austin Phillips breached this duty by failing to properly effect repairs on the Vessel.

78. As a result of Austin Phillips' breach, Laura Helen Andre, Inc. has suffered damages including but not limited to the cost of completing repairs and modifications which were not completed, and correcting the inadequate workmanship throughout the Vessel. In addition, Laura Helen Andre, Inc., by not being able to put the Vessel on the market, continues to suffer damages relating to depreciation of the Vessel and carrying costs.

WHEREFORE, Defendant/Counter-Plaintiff Laura Helene Andre, Inc. prays for judgment against Austin Phillips for direct and consequential damages, costs of this action, and such other further relief as the Court may deem appropriate.

**COUNT X – BREACH OF CONTRACT**
**(As to Atlas Marine, Inc.)**

79. Laura Helen Andre, Inc. realleges paragraphs 1 through 11 above as if fully set forth herein.

80. This is an action for damages for breach of contract against Atlas.

81. In or about January 2006, Atlas Marine, Inc. ("Atlas") was engaged by Michael Marcin to provide electrical engineering and repair services to the Vessel. Specifically, Atlas was to provide the following services to the Vessel: bring electrical panel and all related electrical work to completion; complete installation of all

electronics.

82. Atlas' work was defective and/or incomplete. In particular, defective or insufficient repairs to the Main Electrical Panel resulted in a major fire hazard with substantial arcing and wires melting due to improper load usage and use of jumper wires. Wires were improperly spliced with tape, labels and diagrams were never supplied, and the defective work on the shore power connection resulted in a fire. The Motor Generator/Converter had to be removed, realigned, rewired and reinstalled. As a result of Atlas' defective and incomplete work, Laura Helene Andre, Inc. has incurred significant costs relating to Repairs to the electrical panel, shore power, and converter.

83. Atlas materially breached its contract with Laura Helen Andre, Inc. by failing to properly complete of all of the necessary repairs and modifications as per the parties' contracted.

84. As a result of Atlas's failure to provide the services as contracted and breach of contract, Laura Helen Andre, Inc. has suffered damages including but not limited to the cost of completing repairs and modifications which were not completed, and correcting the inadequate workmanship throughout the Vessel. In addition, Laura Helen Andre, Inc., by not being able to put the Vessel on the market, continues to suffer damages relating to depreciation of the Vessel and carrying costs.

WHEREFORE, Defendant/Counter-Plaintiff Laura Helene Andre, Inc. prays for judgment against Atlas Marine, Inc. for damages, costs of this action, and such other further relief as the Court may deem appropriate.

**COUNT XI – BREACH OF WARRANTY OF WORKMANLIKE PERFORMANCE**
**(As to Atlas Marine, Inc.)**

85. Laura Helen Andre, Inc. realleges paragraphs 1 through 11, 81 and 82 above as if fully set forth herein.

86. This is a cause of action for damages for breach of the Warranty of Workmanlike Performance against Atlas Marine, Inc. ("Atlas").

87. As a marine service provider Atlas warranted to Laura Helene Andre, Inc. that he would effect repairs on the Vessel in a workmanlike manner and use the degree of diligence, attention and skill necessary to ensure that the repairs to the vessel were properly completed.

88. Atlas breached the Warranty of Workmanlike performance by failing to properly effect the repairs on the Vessel.

89. As a result of Atlas' breach, Laura Helen Andre, Inc. has suffered damages including but not limited to the cost of completing repairs and modifications which were not completed, and correcting the inadequate workmanship throughout the Vessel. In addition, Laura Helen Andre, Inc., by not being able to put the Vessel on the market, continues to suffer damages relating to depreciation of the Vessel and carrying costs.

WHEREFORE, Defendant/Counter-Plaintiff Laura Helene Andre, Inc. prays for judgment against Atlas for damages, costs of this action, and such other further relief as the Court may deem appropriate.

**Count X – NEGLIGENCE**
**(As to Atlas Marine, Inc.)**

90. Laura Helen Andre, Inc. realleges paragraphs 1 through 11, 81 and 82

above as if fully set forth herein.

91. This is a cause of action for damages for negligence against Atlas.

92. As a Marine Service Provider Atlas had a duty to exercise reasonable care in the performance repairs on the Vessel.

93. Atlas breached this duty by failing to properly effect repairs on the Vessel.

94. As a result of Atlas' breach, Laura Helen Andre, Inc. has suffered damages including but not limited to the cost of completing repairs and modifications which were not completed, and correcting the inadequate workmanship throughout the Vessel. In addition, Laura Helen Andre, Inc., by not being able to put the Vessel on the market, continues to suffer damages relating to depreciation of the Vessel and carrying costs.

WHEREFORE, Defendant/Counter-Plaintiff Laura Helene Andre, Inc. prays for judgment against Atlas for direct and consequential damages, costs of this action, and such other further relief as the Court may deem appropriate.

Respectfully Submitted,

/s/ *Matthew E. Smith*

Matthew E. Smith, RI Bar No. 4120
Attorney for Laura Helene Andre, Inc.
and the S/V *Apache*
1206 Westminster Street
Providence Rhode Island, 02909
Tel. (401) 453-0700
Fax. (401) 454-5557

- and -

/s/ *Jeffrey W. Miller*
Jeffrey W. Miller, Fla Bar #0012609
BOSSHARDT & MILLER LLP
Attorneys for Laura Helene Andre, Inc.
and the S/V *Apache*
1600 S.E.17th Street Causeway, Suite 405
Ft. Lauderdale, Florida 33316
(954) 764-7772
jeff@yachtlawyers.com

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this 23rd day of July 2008, a true and correct copy of the foregoing was filed electronically using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ *Jeffrey W. Miller*
Jeffrey W. Miller, Fla Bar #0012609
BOSSHARDT & MILLER LLP
Attorneys for Laura Helene Andre, Inc.
and the S/V *Apache*
1600 S.E.17th Street Causeway, Suite 405
Ft. Lauderdale, Florida 33316
(954) 764-7772
jeff@yachtlawyers.com